Michael A. Dias, SBN 183705
Alicia D. Wrest, SBN 272074
DIAS LAW FIRM, INC.
502 West Grangeville Boulevard
Hanford, California 93230
Telephone: (559) 585-7330
Facsimile: (559) 585-7335

Attorneys for Plaintiff, KERI HARDIN,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KERI HARDIN,<br><br>Plaintiff(s),<br><br>v.<br><br>THE COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S OFFICE; and GEOFF DEAN, Sheriff of Ventura County, in his official capacity,<br><br>Defendants. | Case No. 2:15-cv-4657<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12111 ET SEQ.;**<br>**2. EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. 794 ET SEQ.; and**<br>**3. EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12900 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff KERI HARDIN, (hereinafter "Plaintiff"), by her attorneys, the DIAS LAW FIRM, INC., complains against defendants THE COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S OFFICE; and GEOFF DEAN, Sheriff of Ventura County, in his official capacity (hereinafter collectively "Defendants") as follows:

## JURISDICTION

1. Jurisdiction and venue of this court are invoked pursuant to 28 U.S.C. §§ 1331 and 1343, Sections 107(a) of the Americans With Disabilities Act of 1990, ("ADA"), incorporating § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, referred to as Title VII, and Section 102 of the Civil Rights Act of 1991, and Section 504 of the Rehabilitation Act of 1973.

2. Jurisdiction of this court over state law claims is invoked pursuant to 28 U.S.C. § 1367, which gives the court supplemental jurisdiction over state law claims.

3. Plaintiff is a person alleging discrimination on the basis of a history of disability in violation of Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12920 *et seq*., the ADA, and is authorized to bring this action by Sections 107(a) of the ADA, incorporating Section 706(f)(1) and (3) of Title VII, and Section 504 of the Rehabilitation Act of 1973.

4. The Court has personal jurisdiction over the Defendants as the Plaintiff alleges that the Defendants unlawfully discriminated against Plaintiff in her application of employment with the County of Ventura and or the Ventura County Sheriff's Office, located in the Central District, State of California. It is, and was, foreseeable that said Defendant could be brought into this Court due to their unlawful conduct that occurred within the State of California. Based on the allegations set forth herein, it would not be unfair for the Court to exercise jurisdiction over the Defendant.

## INTRODUCTION OF PARTIES

5. At all times relevant herein, Plaintiff was an applicant for the employment position of Sheriff's Program Administrator I – Inmate Substance Abuse Prevention Programs (herein referred to as the "Position"). Plaintiff is now, and at all times

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

relevant herein has been, an individual with a history of disability, specifically a history addiction/substance abuse. Plaintiff is now and at all times relevant herein has not been currently using drugs and has been in recovery since April 20, 1994.

6. Defendant, COUNTY OF VENTURA, is a public entity, responsible for funding and employing all of the administrative departments and public agencies within its boundaries and jurisdictions, including agencies that are instrumentalities of the County. The County of Ventura oversees the administration of the personnel policies and procedures for its administrative departments and public agencies within its boundaries and jurisdictions. Defendant COUNTY OF VENTURA, is responsible for the systematic failure of the County by having employment policies in place that either directly or in effect discriminate against those with a history of a disability, specifically those with a history of addiction or substance abuse. The COUNTY OF VENTURA, is now, and at all times relevant herein has been, employing at least fifteen (15) or more persons within the State of California.

7. Defendant, GEOFF DEAN, Sheriff of Ventura County, in his official capacity, is responsible for oversight of the administration of the personnel policies and procedures of the VENTURA COUNTY SHERIFF'S OFFICE. Defendant GEOFF DEAN, Sheriff of Ventura County, in his official capacity, is responsible for the systematic failure of the VENTURA COUNTY SHERIFF'S OFFICE by having employment policies in place that either directly or in effect discriminate against those with a history of a disability, specifically those with a history of addiction or substance abuse. GEOFF DEAN, Sheriff of Ventura County, in his official capacity, is now, and at all times relevant herein has been, employing at least fifteen (15) or more persons within the State of California.

8. Defendant, VENTURA COUNTY SHERIFF'S OFFICE, is a public entity, with employment policies that either directly or in effect discriminate against those with a history of a disability, specifically those with a history of addiction or substance abuse. The VENTURA COUNTY SHERIFF'S OFFICE, is now, and at all times relevant herein

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

has been, employing at least fifteen (15) or more persons within the State of California.

9. Plaintiff is informed and believes, and upon such information and belief alleges that at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner or joint venturer of the other defendants herein; that at all said times, each said defendant was acting within the course and scope of said agency, service, employment, partnership, or joint venture.

## EXHAUSTION OF REMEDIES

10. Plaintiff has fully exhausted all applicable administrative remedies. Plaintiff submitted her complaint for discrimination on the basis of history of disability with the Equal Employment Opportunity Commission ("EEOC") and on or about September 1, 2012. A true and correct copy of this complaint is attached hereto and incorporated by reference as **EXHIBIT A**. Plaintiff simultaneously filed a complaint with FEHA and that complaint was referred to the EEOC for investigation. FEHA issued a right to sue letter, stating that the statute of limitations to bring a clam was tolled during the pendency of the EEOC investigation. A true and correct copy of this letter is attached hereto and incorporated by reference as **EXHIBIT B**. The EEOC conducted an investigation and on September 30, 2013, issued a determination finding reasonable cause that Plaintiff was not hired because of her record of a disability in violation of the ADA. A true and correct copy of this letter is attached hereto and incorporated by reference as **EXHIBIT C**. At this time the EEO did not issue a right to sue letter but required the parties to participate in conciliation. The parties did participate in conciliation on February 19, 2014. Despite a good faith effort, conciliation was unsuccessful and the matter was referred onto the Department of Justice (hereinafter "DOJ"). On March 24, 2015 the DOJ issued a Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

11. Sometime in December of 2011, Plaintiff saw an advertisement by the Ventura County Sheriff for the position of Sheriff's Program Administrator I – Inmate trainer for the UCSD Pacific Addiction Transfer CENTER (hereinafter referred to as the

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

"Position). The Position was advertised with an approximate salary range in the amount of 23.29 – 32.61 per hour or 4,037.32 – 5,652.25 per month, or $48,447.90 – $67,827.06 per annum. Also advertised were educational incentives and other benefits at the "MB4" level. See **Exhibit D** attached hereto and incorporated herein by reference.

12. On information and belief, this position was not a position of a peace officer, but as manager of a program designed to provide ancillary services to inmates.

13. At all times relevant Plaintiff was qualified for the position. She holds a certificate of Achievement in Alcoholism Counseling and is a Registered Addiction Specialist. She has extensive experience in substance abuse counseling and has implemented various drug court programs. Furthermore, she has specific experience implementing and managing and oversight of substance abuse programs in incarceration settings both State and Federal. This experience includes development of curriculum and oversight of inmates. Plaintiff was also a correctional training manager for 5 years over 5 in custody programs. She was a trainer for the California Department of Corrections and Rehabilitation Training for Trainer program. Finally she was a forensic addiction certification trainer for UCSD Pacific Addiction Transfer Center. At that time, any corrections officers, parole officers, probation officers and ancillary substance abuse counselors desiring certification were required to take her class.

14. Sometime in January of 2012 Plaintiff applied for the Position. At the time Plaintiff applied for the Position she had 18 years work experience in field of addiction, eleven of which were spent in correctional institutions. Furthermore, she has established a clear record of ability to interact with inmates, without any incidences of relapse or any other negative outcomes.

15. After applying for the Position, on January 26, 2012, Plaintiff was notified that she was successful in the application evaluation and that she would be scheduled for an exam in February of 2012. See **Exhibit E** attached hereto and incorporated

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

herein by reference. An oral exam was held on about February 23, 2012 and on the next day Plaintiff was notified that she was successful in her examination, with her score of 97.33% placing her in standing 1 and ranked as number 2 on the eligible list. See **Exhibit F** attached hereto and incorporated herein by reference. On the same day the Sherriff's Human Resources Bureau invited Plaintiff for an interview.

16. Thereafter, Plaintiff participated in an in person interview on February 29, 2012 with Captain Jerry Hernandez and Program Manager Cecil Argue. The next day, Plaintiff received an e-mail from Cecil Argue requesting that she call him. Plaintiff did call Cecil Argue and he told Plaintiff that the Ventura County Sheriff's Department was offering the Position to her with a starting salary of $64,000.00, pending a background check.

17. Plaintiff had no concerns regarding the background check as she had time and time again been granted clearance to work inside of correctional institutions.

18. Plaintiff was excited by the prospect of the Position as it would allow her the ability to begin saving for retirement. It was Plaintiff's intention to retire from this job. Given her work history, she very likely would have stayed on until the age of 65, and then retired with a pension. Another important consideration is the fact that Plaintiff is originally from Ventura. She was very much looking forward to the security of coming home. She made the Sheriff's Department aware of this fact during the interview process.

19. On March 2, 2012, Gerald Chambers, Personnel Analyst sent to Plaintiff Supplemental Background Questionnaire. In response to this request Plaintiff returned the completed Questionnaire on March 6, 2012.

20. The Questionnaire contained a Section titled, "Drug Possessions" and requested information regarding Plaintiff's prior use and/or possession of specific substances, including but not limited to marijuana, hash/hashish oil, methamphetamine, and heroine. Further the Questionnaire required an "explanation" for each affirmative answer to the use or possession of these substances. Plaintiff disclosed use and

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

possession of these substances and explained that she had a history of substance abuse addiction and that she had sought treatment related to the substance abuse, and that she had not used or possessed any illegal drugs or alcohol since April 20, 1994.

21. On March 7, 2012, Jackie Reed of the investigative unit of the Ventura County Sheriff's Department contacted Plaintiff and informed her that the position that had been offered was rescinded, and that they "would not look further into [her] background due to the substance use in [her] past." Further Ms. Reed indicated that she was "proud" of Plaintiff and that she was glad that Plaintiff and changed her life and "good luck." In response, Plaintiff asked if they considered the length of time since her last use. Ms. Reed stated that "her Sargent would not consider it." Next, Plaintiff contacted the program supervisor, Cecil Argue, and he stated the decision was up to the Administration.

22. Defendants claim the decision not to hire Plaintiff was due to the illegal activity of possession of illegal substances, not Plaintiff's history of substance abuse, but this does not comport with the statement by Jackie Reed to Plaintiff. Even if Defendants claim were true, the impact of the facially neutral policy, of denying employment to those with a history of possession of illegal substances, has the discriminatory impact of excluding any person with a history of addiction to illegal substances. This policy could be more narrowly tailored to accomplish Defendants' purpose without the discriminatory impact.

23. Defendants, in either rescinding an offer to hire or in discontinuing the interview process, after learning of Plaintiff's history of addiction and substance abuse treatment did not make any showing that Plaintiff posed a direct threat to the health or safety that could not be eliminated.

24. As a result of Defendants' wrongful acts Plaintiff has suffered damages including but not limited to lost wages, back pay, front pay, and emotional distress.

///

///

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

**FIRST CAUSE OF ACTION**

**EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12111 ET SEQ.**

25. Plaintiff hereby incorporates by reference each and every fact and allegation contained in paragraphs 1 through 24 of this complaint as though fully set forth at length herein.

26. Plaintiff is a "qualified individual with a disability within the meaning of 42 U.S.C §§ 120102 and 12111.

27. Defendants are each an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

28. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individuals in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Defendants have violated this obligation through their actions and failure to act for the reasons set forth herein.

29. Defendants' refusal to hire Plaintiff constitutes disparate treatment in that it was based upon the fact that Plaintiff has a disability of history of substance abuse and is in recovery from substance abuse and that Plaintiff engaged in activities associated with substance abuse addiction. Defendants intentionally refused to hire Plaintiff because of Plaintiffs' disability. Plaintiff bases this conclusion on the fact that Plaintiff was the top slated applicant and that Defendants extended Plaintiff Position but rescinded the Position after learning of her disability. Further, Defendants told Plaintiff she was not being hired due to her history of substance abuse addiction.

30. The Defendants' policy requiring applicants to disclose possession of illegal substance, without having any qualifications or protections for individuals with a history of substance abuse, caused Plaintiff to be denied the Position. Further, Defendants' policy of blanket disqualification of applicants for possession of illegal substances without consideration of the nature of the possessions as related to

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

substance abuse addiction or any mitigating factors such as length of time since last possession, caused Plaintiff to be denied the Position. These policies or practices have a disparate impact on Plaintiff and other persons with similar disabilities to be demonstrably disadvantaged because these policies or practices disqualify any person with a history of addiction or substance abuse of illegal substances. Furthermore, Defendants' policies or practices are not justified by any business necessity in that Plaintiff's position was not that of a peace officer but as an ancillary position and the policy is not narrowly tailored to any business necessity Defendants may claim.

31. Defendants have discriminated against Plaintiff because of her disability, by "limiting, segregating, or classifying a [Plaintiff, a] job applicant ... in a way that adversely affects the opportunities or status of such applicant ... because of the disability of such applicant…." 42 U.S.C. § 12112(b)(1).

32. Defendants have discriminated against Plaintiff because of her disability, by "utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control." 42 U.S.C. § 12112(b)(3)(A)-(B).

33. Defendants have discriminated against Plaintiff because of her disability, by "not making reasonable accommodations to the known physical . . . limitations of [Plaintiff] an otherwise qualified individual with a disability who is an applicant . . ." 42 U.S.C. § 12112(5)(A). Further, Plaintiff's circumstance could have easily been accommodated without any undue hardship on the operation of the Defendants' business.

34. Defendants have discriminated against Plaintiff because of her disability, by "denying employment opportunities to [Plaintiff, an] applicant . . . who [was an] otherwise qualified individual with a disability . . . because. . . denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the [Plaintiff]." 42 U.S.C. § 12112(5)(B).

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

35. Defendants have discriminated against Plaintiff because of her disability, by "using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disabilities . . ." 42 U.S.C. § 12112(6).

36. Defendants have discriminated against Plaintiff because of her disability, by "failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant… who has a disability that…such test results accurately reflect …whatever other factor of such applicant that such test purports to measure, rather than reflecting the [disability] …of such… applicant…." 42 U.S.C. § 12112(7).

37. As a proximate cause of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had been hired by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

38. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience in the position sought by Plaintiff and living in Southern California. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

39. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

///

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

40. Defendants' conduct is a violation of Title I of the ADA and on account thereof, Plaintiffs are entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs for which Defendants are liable to Plaintiffs. 42 U.S.C § 12117(a).

41. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION
## EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. 794 ET SEQ.

42. Plaintiff hereby incorporates by reference each and every fact and allegation contained in paragraphs 1 through 41 of this complaint as though fully set forth at length herein.

43. The Rehabilitation Act requires that "[N]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ." . 29 U.S.C. §794(a).

44. Upon information and belief, the Defendants receive Federal funding.

45. "'[P]rogram or activity' means all of the operations of – a department, agency . . . or other instrumentality of a State or of a local government or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government." 29 U.S.C. §794(b)(1)(A)-(B).

46. As a direct and proximate result of the systemic policies, practices and omissions alleged herein, Plaintiff has been excluded from participation in, denied the benefits of, and subjected to discrimination under programs and activities of Defendants that receive Federal financial assistance.

Dias Law Firm, Inc.
Michael A. Dias
Jonelte M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

47. As a proximate cause of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had been hired by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

48. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience in the position sought by Plaintiff and living in Southern California. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

49. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

50. Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1).

51. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## <u>THIRD CAUSE OF ACTION</u>

## EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12900 ET SEQ.

52. Plaintiff hereby incorporates by reference each and every fact and allegation contained in paragraphs 1 through 51 of this complaint as though fully set forth at length herein.

53. California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* (2009), provides that, "The opportunity to seek, obtain, and hold employment without discrimination because of . . . physical disability . . . is hereby

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

recognized as and declared to be a civil right." Cal. Gov't Code § 12921(a).

54. The purpose of FEHA is to safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on the account of, *inter alia*, disabilities. FEHA recognizes that the practice of denying employment opportunities and discriminating in terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interest of employees, employers, and the public in general. Cal. Gov't Code § 12920.

55. Plaintiff is individual with a disability within the meaning of FEHA, and is entitled to its guarantees of full and equal access to employment. Cal. Gov't Code § 12926.1.

56. Defendants are "employers" within the meaning of FEHA. Cal. Gov't Code § 12926 (d).

57. Defendants' refusal to hire Plaintiff constitutes disparate treatment in that it was based upon the fact that Plaintiff has a disability of history of substance abuse and is in recovery from substance abuse and that Plaintiff engaged in activities associated with substance abuse addiction. Defendants intentionally refused to hire Plaintiff because of Plaintiffs' disability. Plaintiff bases this conclusion on the fact that Plaintiff was the top slated applicant and that Defendants extended Plaintiff Position but rescinded the Position after learning of her disability. Further, Defendants told Plaintiff she was not being hired due to her history of substance abuse addiction.

58. The Defendants' policy requiring applicants to disclose possession of illegal substance, without having any qualifications or protections for individuals with a history of substance abuse, caused Plaintiff to be denied the Position. Further, Defendants' policy of blanket disqualification of applicants for possession of illegal substances without consideration of the nature of the possessions as related to substance abuse addiction or any mitigating factors such as length of time since last possession, caused Plaintiff to be denied the Position. These policies or practices have

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

a disparate impact on Plaintiff and other persons with similar disabilities to be demonstrably disadvantaged because these policies or practices disqualify any person with a history of addiction or substance abuse of illegal substances. Furthermore, Defendants' policies or practices are not justified by any business necessity in that Plaintiff's position was not that of a peace officer but as an ancillary position and the policy is not narrowly tailored to any business necessity Defendants may claim.

59. Defendants have committed an "unlawful employment practice" by:

a. Refusing to hire Plaintiff on the basis of physical disability, mental disability and or medical condition. Cal. Gov't Code § 12940(a).

b. Expressing to Plaintiff both verbally and or in writing, directly and indirectly a limitation, specification and/or discrimination against Plaintiff based upon her physical and or mental disability and or medical condition, when, *inter alia*, Defendants required Plaintiff to answer questions related to possession of controlled substances and when Defendants told Plaintiff they would not consider her for employment because of her past drug use. Cal. Gov't Code § 12940(d).

c. Denying Plaintiff any reasonable accommodations to despite Defendants' knowledge that plaintiff had a history of substance abuse, and that she was no longer using any illegal substances but in recovery. Cal. Gov't Code § 12940(m).

d. "Fail[ing] to engage in a timely, good faith interactive process . . . to determine effective reasonable accommodations . . . in response to a request for reasonable accommodations" with its Plaintiff who was known to be in recovery for a history of substance abuse. Cal. Gov't Code § 12940(n).

60. Defendants have committed an "unlawful employment practice" through the policy, pattern and practice, as alleged herein, of "fail[ing] to take all reasonable

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

steps necessary to prevent discrimination . . . from occurring." Cal. Gov't Code § 12940(k).

61. As a proximate cause of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had been hired by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

62. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience in the position sought by Plaintiff and living in Southern California. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

63. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body. As result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

64. The FEHA further provides that in actions brought under its provisions, that "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees. . .". Cal. Gov't Code § 12965(b).

65. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all causes of action contained in this Complaint.

///

Dias Law Firm, Inc.
Michael A. Dias
Jonelle M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For back pay, front pay, and other monetary relief in an amount according to proof;

B. For general damages in an amount according to proof;

C. For special damages in an amount according to proof;

D. For all other compensatory damages that may be available to Plaintiff in an amount according to proof;

E. For interest on the sum of damages awarded, calculated from May 7, 2012, to the date of judgment;

F. For an award of attorneys' fees, expert witness fees and other costs as provided by Cal. Gov't Code § 12965(b); California Code of Civil Procedure §1021.5, 42 U.S.C. § 12117, 42 U.S.C. §2000e-5(k); 29 U.S.C. § 794(a) (1) and/or other applicable law;

G. For costs and expenses of suit incurred herein;

H. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 19th day of June, 2015.

DIAS LAW FIRM, INC.

Alicia D. Wrest, Esq.
Attorneys for KERI HARDIN

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Alicia D. Wrest
Sarah M. Hacker
Jimmy J. Rodriguez